UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL PARKER, | No. 2:18-cv-01912 CKD |
| Plaintiff, | |
| v. | ORDER & |
| ANDREW SAUL, Commissioner of Social Security, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the undersigned Magistrate Judge will recommend that plaintiff's motion for summary judgment be denied and the Commissioner's cross-motion for summary judgment be granted.

BACKGROUND

Plaintiff, born in 1961, applied on August 17, 2015 for SSI, disability insurance benefits, and disabled widow's benefits, alleging disability for all three beginning on January 30, 2015. Administrative Transcript ("AT") 35. Plaintiff alleged she was unable to work due to lower back problems and a pinched nerve in her right leg. AT 69. In a decision dated January 17, 2018, the

1

ALJ determined that plaintiff was not disabled.[1] AT 15-22. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2019.
>
> 2. It was previously found that the claimant is the unmarried widow of the deceased insured worker and has attained the age of 50. The claimant met the non-disability requirements for disabled widow's benefits set forth in section 202(e) of the Social Security Act.
>
> 3. The prescribed period ends on August 31, 2019.
>
> 4. The claimant has not engaged in substantial gainful activity since January 30, 2015, the alleged onset date.
>
> 5. The claimant has the following medically severe impairments:

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

    depression, degenerative disc disease of the lumbar spine with radiculopathy of the bilateral lower extremities, mild sigmoid diverticulitis, moderate internal hemorrhoids, and sciatica.

    6. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

    7. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a wide range of light work: the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently, the claimant can stand and walk six hours and sit six hours in an eight-hour workday with normal breaks. The claimant can perform occasional climbing of ladders, ropes, scaffolding, ramps and stairs, balancing, stooping, kneeling, crouching, and crawling.

    8. The claimant is capable of performing past relevant work as a deli-sales clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

    9. The claimant has not been under a disability, as defined in the Social Security Act, from January 30, 2015, through the date of this decision.

AT 18-22.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following error in finding plaintiff not disabled: The ALJ failed to account for mild mental limitations at step four of the sequential evaluation.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted).

"The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

Plaintiff asserts that the ALJ committed reversible error by failing to account for the impact her mild mental limitations would have on her ability to perform past relevant work as a food sales clerk. She argues that her "severe impairment" of depression at step two is incompatible with an ability to do this job.

The ALJ found plaintiff's medically severe impairments to include depression. AT 18. On this issue, the ALJ's decision stated:

> The record also indicates a diagnosis of depression, but it appears to be controlled with fluoxetine, which she has been taking for many years.[2] The undersigned finds that this condition causes no more than a mild restriction in understanding, remembering, or applying information, interacting with others, concentrating, persisting, or maintaining pace, or adapting and managing oneself. The claimant testified that she has had trouble with her memory, but otherwise, she reported physical restrictions on her activities.[3] The claimant has not sought treatment beyond medication she has used for years.

AT 18.

---

[2] See AT 488 (2012 medical note that plaintiff had taken Fluoxetine for depression for three years), 569 (2014 medical note that plaintiff was taking Fluoxetine).

[3] See AT 59 (plaintiff testified to having difficulty with her memory and her ability to focus or stay on task).

4

1    Defendant points out that plaintiff did not list depression on her application for disability

2    benefits. AT 265-281. Though she was diagnosed with depression and prescribed medication for

3    it, there is no evidence that she received specialized psychiatric care or was hospitalized for

4    psychiatric treatment. Moreover, plaintiff's work history indicates that she worked as a deli clerk

5    at a grocery store from 2011 to 2014, a period in which she was taking fluoxetine for depression.

6    AT 319.

7    The ALJ gave some weight to the opinion of State agency medical consultant Dr. H.M.

8    Estrin, who opined on plaintiff's physical limitations, though the RFC was more restrictive than

9    Dr. Estrin's evaluation "based on subjective complaints of pain and limitation." AT 21; see AT

10   81-84. "No treating providers have opined that the claimant is more limited than the undersigned

11   finds in this decision," the ALJ stated. AT 21. Plaintiff's RFC did not include any mental

12   limitations.

13   As to available jobs, the ALJ stated:

> The record indicates the claimant earned over substantial gainful activity levels performing work as a deli clerk at a grocery store. The vocational expert testified that this work was classified as sales clerk, food (DOT #290.477-018), and was light SVP 3 as generally performed[4], but the claimant performed the work at the medium exertional level. The vocational expert also testified that a person with the claimant's residual functional capacity would be able to perform this occupation as it is generally performed. In comparing the claimant's residual functional capacity with the physical and mental demands of the work, the undersigned finds that the claimant is able to perform it as it is generally performed.

20   AT 21-22; see AT 62-64 (hearing testimony).

21   Plaintiff argues that her mild difficulties with regard to understanding, remembering, or

22   applying information; concentrating, persisting, or maintaining pace; and adapting or managing

23   herself "may have an adverse impact on [her] ability to perform the duties of her past semi-skilled

24   work as a food sales clerk." (ECF No. 12 at 2.) However, plaintiff has not shown that the RFC

25   was not supported by substantial evidence; nor does she contest the ALJ's finding that her

---

[4] The Dictionary of Occupational Titles lists this job as requiring Reasoning Level 3: "Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." It also lists dealing with people as a significant part of the job's duties.

subjective complaints were less than fully credible.  See AT 20. In fact, as noted above, plaintiff performed this same job while on antidepressant medication to control her symptoms. Plaintiff has not shown harmful error on this basis.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall assign a district judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment (ECF No. 9) be denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 11) be granted; and

3. Judgment be entered for the Commissioner.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 27, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/parker1912.ssi.ckd_f&rs